# EXHIBIT D

**DRAFT**
**7/14/21**

## **CONFIDENTIAL RELEASE AND SETTLEMENT AGREEMENT**

       This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into by and between Shanell Martinez ("Martinez" or "Claimant") and 189 Chrystie Street Partners, LP, Variety Worldwide, LLC, Simon Hammerstein, and Javier Vivas (collectively "Respondents"), (Claimant and Respondents are jointly referred to in this Settlement Agreement as the "Parties"), as of _____, 2021.

### **RECITALS**

       **WHEREAS**, Martinez has alleged, *inter alia,* that Respondents failed to pay her certain wages owed pursuant to, and other violations of, the New York Labor Law ("NYLL") and the Fair Labor Standards Act ("FLSA"), and engaged in sexual harassment and retaliation in connection with her employment with Respondents pursuant to a draft complaint from her counsel Pechman Law Group PLLC, dated December 9, 2020 ("Draft Complaint" or the "Claims"); and

       **WHEREAS**, no court has considered or determined the claims presented; and

       **WHEREAS**, Respondents denied and continue to deny the allegations made by Claimant, or that they engaged in any other wrongful conduct against Claimant; and

       **WHEREAS**, the Parties wish to avoid the burdens and expense of protracted litigation; and

       **NOW, THEREFORE**, in consideration of the foregoing, and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Parties agree as follows:

### **AGREEMENT**

1. <u>Consideration</u>. The Parties are entering into this Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged. Martinez agrees that she will not seek any further consideration from Respondents, including any monetary payment, beyond that which is set forth in Section 2 of this Agreement.

2. <u>Settlement Compensation</u>.

    a.    Respondents agree to pay or cause to be paid to Claimant the total sum of **$30,000.00** within 30 calendar days following the execution of this Agreement by Claimant and expiration of all applicable consideration and revocation periods contained in this or the Confidentiality Agreement annexed hereto as Exhibit A, and Claimant acknowledges and agrees that her entitlement to this payment is expressly conditioned upon her fulfillment of the terms and conditions of this Agreement, including but not limited to her execution of this Agreement and providing tax forms and wire instructions for the payments thereunder as referenced below. Said sum will be paid in the form of checks, delivered to counsel for Claimant, Vivianna Morales, Esq.,

Pechman Law Group PLLC, 488 Madison Avenue, 17th Floor, New York, New York 10022, broken down as follows:

    (1) A check in the amount of $**INSERT**, for Shanell Martinez, as and for emotional distress.

    (2) A check in the amount of $**INSERT**, for Shanell Martinez, as and for lost wages, less applicable deductions.

    (3) A check in the amount of $**10,000.00**, for Pechman Law Group PLLC, for Claimant's attorneys' fees and costs.

    b. It is agreed and understood by the parties that Claimant has claimed she has suffered mental anguish and emotional distress stemming from the events alleged in the December 9, 2020 draft complaint. Accordingly, the intent and desire of Claimant is that the payment made to Claimant in accordance with paragraph 2.a(1) above is not attributable to, nor will it be considered as, in the nature of, or substitute for, wages. Further, the intent and desire of Claimant is that the portion of the settlement payment made pursuant to paragraphs 2.a(1) is not attributable to, nor will it be considered as, in the nature of, or substitute for, punitive damages. Rather, it is intended by Claimant that of the settlement payment made to Claimant in accordance with paragraphs 2.a(1) be in the nature of damages for claimed emotional distress and it is intended by Claimant that this payment is not to be treated as wages, and, therefore, will not be subject to withholding taxes. Thus, Respondents will not withhold any sums from these portions of the settlement payment. Claimant shall provide Respondents with a fully executed W-9 form as a pre-condition to the issuance of this check. Respondents shall issue an IRS Form 1099 with respect to the payment referred to in this subparagraph.

    c. The portions of the settlement payment in paragraph 2.a(2) above shall constitute the payment of wages and will, therefore, be subject to normal payroll taxes and withholdings by Respondents. Respondents shall issue an IRS Form W-2 to Claimant for the payment referred to in this subparagraph.

    d. It is intended by Claimant that the portion of the settlement payment in paragraph 2.a(3) is to be treated as 1099 income (for attorneys' fees and costs), not wages, under Internal Revenue Code 104(a)(2). Respondents shall provide to both Pechman Law Group PLLC and Claimant an IRS Form 1099 with respect to this payment. Pechman Law Group PLLC and Claimant shall each provide the Respondent with a fully executed W-9 form as a pre-condition to the issuance of this check.

    e. Claimant acknowledges and agrees that Respondents are not providing any tax advice or representation by this Agreement. To the extent there are any additional tax consequences to Claimant and/or Respondents arising from the payment of portions of the settlement amount, Claimant agrees to indemnify and hold the Respondents harmless for all additional taxes, interest and penalties. Claimant further agrees to indemnify and hold Respondents harmless for any costs, including attorneys' fees, associated with the enforcement of this indemnification provision, should such enforcement measures become necessary.

    f. The parties shall promptly notify each other of any claim by the IRS or any other governmental authority arising under this Paragraph 2 or pertaining to the payments being made hereunder.

**DRAFT**
**7/14/21**

_____ **Shanell Martinez to initial**

3. <u>Release of Claims</u>.

For and in consideration of the payments provided for in this Section 2, subject to the terms and provisions of this Settlement Agreement, Claimant, for herself and for her heirs, executors, administrators, trustees, ~~legal representatives,~~ successors and assigns (hereinafter referred to collectively as "Releasors"), forever releases and discharges Respondents, their present, past and future owners, affiliates subsidiaries, related business entities, parent companies, predecessors, successors, assigns, divisions, directors, officers, trustees, members, employees, stockholders, representatives, insurers, re-insurers, attorneys, heirs, agents, executors and administrators, in their individual and representative capacities, and counsel and their agents and employees (including but not limited to Giza Selimi and Nenad Karac), and all persons acting by, through, under, or in concert with any of the above, solely in their capacity as such ) (collectively, "Releasees"), from all actions, causes of action, claims, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever in law, in admiralty or equity, whether known or unknown, from the beginning of the world up to and including the execution date of this Agreement. Those claims released include all claims for, under federal, state, and/or local law, including, but are not limited to: (i) Title VII of the Civil Rights Act of 1964, as amended; (ii) the Americans with Disabilities Act, as amended; (iii) any claims under Sections 1981 through 1988 of Title 42 of the United States Code, as amended; (iv) the Employee Retirement Income Security Act of 1974, as amended; (v) the Family and Medical Leave Act, as amended; (vi) The Internal Revenue Code 26 U.S.C. § 7434; (vii) the New York State Human Rights Law, as amended; (viii) the New York City Administrative Code, as amended; (ix) the New York Labor Law; (x) the National Labor Relations Act ("NLRA"), (xi) all other federal, state and local fair employment and civil rights and labor laws; (xii) breach of contract (express or implied), breach of the implied covenant of good faith and fair dealing, fraud (including fraudulent inducement and fraudulent misrepresentation), retaliation, wrongful discharge, detrimental reliance, defamation, emotional distress, and/or compensatory and/or punitive damages; and (xiii) attorneys' fees, costs, damages, equitable relief, disbursements and/or the like. Martinez further affirms that she has no known workplace injuries or occupational diseases which might be compensable under the New York Workers' Compensation Law, and has been provided and/or has not been denied any leave requested under the Family and Medical Leave Act. The claims released include, but are not limited to, any and all allegations concerning Martinez's employment with Respondents.

Claimant understands that this release does not release any claims that she cannot lawfully release. This release does not prohibit Claimant from filing a charge with any governmental administrative agency, such as the EEOC, as long as she does not personally seek reinstatement, damages, remedies, or other relief as to any claim that she has released, any right to which she hereby waives. Claimant acknowledges that she has been paid and has received all compensation, wages, bonuses, commissions, and benefits, with the exception of those claimed in the Draft Complaint, to which she was entitled and that no other leave, compensation, wages, bonuses commission or benefits are due to her apart from the consideration to be paid under this Agreement.

**DRAFT**
**7/14/21**

~~Claimant further acknowledges that she was paid and has received all compensation, wages, bonuses, commissions, and benefits to which she was entitled and that no leave, compensation, wages, bonuses, commissions or benefits are due to her apart from the consideration to be paid under this Agreement, and that the consideration she is receiving pursuant to this Agreement is over and above any amounts she alleges were due to her.~~ Further, Claimant acknowledges and agrees that she has not suffered any workplace injury at Respondents.

4. <u>Compliance with Cheeks</u>. The Parties intend for this Agreement to be a full, binding, and enforceable contract. The Parties acknowledge that, pursuant to <u>Gaughan v. Rubenstein</u>, 261 F. Supp.3d 390 (S.D.N.Y. 2017), this Agreement to resolve, *inter alia*, any claims Claimant may have under the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL"), is not a product of one-sided bargaining and is instead the result of a fair process involving arms-length negotiation, between experienced counsel, which resulted in the exchange of a significant sum of money. As such, the Parties concur that this Agreement is in line with the spirit and terms outlined by the Second Circuit in <u>Cheeks v. Freeport Pancake House, Inc.</u>, 769 F.3d 199 (2d Cir. 2015), and is therefore binding. If Claimant files suit against Releasees seeking recovery under the FLSA or NYLL based upon any conduct occurring up to and including the date of the complete execution of this Agreement, she agrees that Releasees may utilize this Agreement to demonstrate to the court that she is not entitled to any additional recovery and that it should dismiss her claims.

\_\_\_\_\_ **Shanell Martinez to initial**

5. <u>No Admission of Liability</u>. The Parties hereby agree and acknowledge that nothing contained in the Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by Respondents. Respondents expressly deny that the claims asserted by Martinez in this case have any merit whatsoever, and Respondents expressly deny they engaged in any wrongdoing of any kind with respect to Martinez.

6. <u>Cooperation and Confidentiality</u>. Martinez agrees, except as required by law or permitted in writing, to keep confidential the fact of, as well as the contents of, this Settlement Agreement and General Release accordance with the Confidentiality Agreement executed by the Parties, which is annexed hereto as Exhibit A and incorporated by reference herein and agrees not to divulge any information regarding the same to any person or entity whatsoever. Respondents agree that Martinez may disclose the confidential terms of this Settlement Agreement and General Release to her legal counsel, accountant, tax advisor, mental health professional, partner and immediate family. Martinez expressly understands and agrees that, if any individual to whom she discloses or with whom she discusses any of the above information makes unauthorized disclosures, Martinez may be held liable under this Section for those disclosures as if she engaged in them personally.

7. <u>No Rehire</u>. Martinez acknowledges and agrees that, because of circumstances unique to her including, but not limited to, irreconcilable differences with Respondents, she will not apply for nor accept any position or assignment with Respondents or any related or successor business entities now or in the future. Martinez further agrees, admits and acknowledges that any future

**DRAFT**
**7/14/21**

refusal by Respondents to employ her or retain her services based on this paragraph is a legitimate, non-discriminatory and non-retaliatory business reason for such refusal, and that such reason shall be conclusive and binding on any court, agency or finder of fact. If she breaches this provision and files any such application, she agrees to be responsible for all attorneys' fees and costs incurred by Respondents as a result of her breach including but not limited to any actions taken and/or proceedings pursued by Respondents to enforce this provision.

8. <u>Jurisdiction</u>. The interpretation and application of the terms of this Agreement shall be governed by the laws of the State of New York, excluding its conflicts of law provisions that would result in the application of the laws of any jurisdiction other than New York.  Furthermore, the Parties hereby select the Supreme Court of the State of New York, County of New York or the United States District Court for the Southern District of New York as the sole appropriate jurisdictions for the purposes of any suit, action or other proceeding arising out of this Agreement, and, to the extent permitted by applicable law, the Parties waive and agree not to assert, by way of motion, as a defense or otherwise, that the suit, action or proceeding is brought in an inconvenient forum, that the venue of the suit, action or proceeding is improper or that this Agreement may not be enforced in or by such courts.

9. <u>Voluntary Agreement.</u> The Parties agree that they are signing this Agreement of their own free will, without coercion or duress, and voluntarily assent to all the terms and conditions contained herein.

10. <u>Representations and Acknowledgments.</u>  Martinez hereby represents and agrees that she has been advised by Respondents of her right to discuss all aspects of this Agreement with an attorney, financial advisor, and/or representative of her choice; that she has so consulted with her attorneys, Pechman Law Group PLLC; that she carefully has read all of the provisions of this Agreement; that she has had the opportunity to have her attorneys answer any questions she might have had; that she fully understands all of the provisions of this Agreement; that she has had a reasonable amount of time within which to consider whether or not to enter into this Agreement; and that she is voluntarily and knowingly entering into this Agreement.

\_\_\_\_\_ **Shanell Martinez to initial**

11. <u>Entire Agreement</u>. The Parties agree that this Agreement represents the complete understanding between the Parties and no other promises or agreements shall be binding unless in writing and signed by the Parties.

12. <u>Severability and Modification</u>.  If any provision of this Agreement is found to be invalid or unenforceable, then such provision shall be deemed to be deleted only to the extent that it is found to be invalid or unenforceable.  Such an invalid or unenforceable provision shall not affect the validity of the remainder of this Agreement, and the remaining provisions shall continue in full force and effect.

13. <u>Counterparts</u>. This Agreement may be executed in counterparts, and delivered by facsimile or email, each of which shall be deemed an original and each of which shall together constitute one and the same agreement.

14. <u>Headings</u>. The Parties understand and agree that the headings in this Settlement Agreement are for their convenience only, and have no legal significance.

**SHANELL MARTINEZ FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE CLAIMS SHE MIGHT HAVE AGAINST RELEASEES.**

**SHANELL MARTINEZ IS ALSO ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS RELEASE AND SHE ACKNOWLEDGES HAVING DONE SO.**

**SHANELL MARTINEZ**

Date : _____

**189 CHRYSTIE STREET PARTNERS, LP**

Date : _____

By : _____

Title :_____

**VARIETY WORLDWIDE LLC**

Date : _____

By : _____

Title : _____

**SIMON HAMMERSTEIN**

**DRAFT**
**7/14/21**

Date : _____

Title : _____

**JAVIER VIVAS**

Date : _____

Title : _____

## CONFIDENTIALITY AGREEMENT

**CONFIDENTIALITY AGREEMENT** made as of the date in the signature block, between Shanell Martinez ("Martinez" or "Claimant") and 189 Chrystie Street Partners, LP, Variety Worldwide, LLC, Simon Hammerstein, and Javier Vivas (collectively "Respondents"), (Claimant and Respondents are jointly referred to in this Confidentiality Agreement as the "Parties"), as of _____, 2021.

The terms, existence, contents and execution of the Settlement and Release Agreement ("Settlement Agreement"), and the substance of the negotiations leading up to the Settlement Agreement are and shall be deemed to be confidential (the "Confidential Negotiations") and shall not hereafter be disclosed by Claimant or her attorneys and Respondents to any other person or entity. By signing the Settlement Agreement, and this Confidentiality Agreement, Claimant and Respondents affirm that they will not disclose the terms of the Settlement Agreement after its execution nor the negotiations leading up to the execution thereof. Claimant and Respondents hereby also agree to keep confidential any claims that ~~have been or~~ could have been raised against Claimant or Respondents, any facts and circumstances underlying any claims that have been or could have been raised against Claimant or Respondents, or any facts and circumstances underlying the Settlement Agreement, all of which shall be deemed Confidential Negotiations. The only disclosures of Confidential Negotiations excepted by this paragraph are: (i) as may be required by court order or subpoena (and after notice to Respondents) or to any government agency in connection with any lawful and valid investigation it is conducting; (ii) to Claimant's attorneys, financial advisors, and tax professionals, as is necessary for them to provide her with professional services; (iii) to the IRS or other taxing authorities; ~~or~~(iv) mental health professionals; (v) Claimant's partner; (~~i~~vi) to Claimant's immediate family, in each case provided that Claimant makes each such person aware of the confidentiality provisions of this paragraph and each agrees

8

**DRAFT**
**7/14/21**

to keep such information confidential. Only Respondents and Respondents' officers and Claimant are aware of the terms of this Agreement and this paragraph is binding solely on them.

In accordance with New York General Obligations Law § 5-336 and New York CPLR 5003-b, Claimant hereby confirms that it is her preference to, and that she shall, maintain the confidentiality of the Confidential Negotiations. Claimant hereby agrees not to disclose such information to any entity, organization or person, except as otherwise specified above. Claimant understands and agrees that this nondisclosure obligation is without temporal limit, and prohibits disclosure verbally, in writing, or through any other medium (including over social media or other Internet-based media). Claimant acknowledges and agrees that she has been provided twenty-one (21) days to consider this Confidentiality Agreement and may revoke her acceptance of such provision for a period of seven (7) calendar days from the day she executes this Confidentiality Agreement. Any revocation within this period must be submitted, in writing, to Brian Pete, Esq. The revocation must be personally delivered or mailed to Brian Pete, Esq. at Lewis Brisbois Bisgaard & Smith LLP, 77 Water Street, Suite 2100, New York, New York 10005, and postmarked within seven (7) days of execution of this Confidentiality Agreement. If the last day of the revocation period is a Saturday, Sunday, or legal holiday in the State of New York, then the revocation period shall not expire until the next following day which is not a Saturday, Sunday or legal holiday. Claimant understands further that payment of the settlement sum set forth in Paragraph 2 of the Settlement Agreement is conditioned upon her not revoking her acceptance of this Confidentiality Agreement during the seven (7) day revocation period, and that the Settlement Agreement and Confidentiality Agreement shall not be effective or enforceable until the revocation period has expired. Finally, nothing in the Settlement Agreement or this Confidentiality Agreement shall prohibit Claimant from: (i) initiating, testifying, assisting, complying with a subpoena from, or participating in any manner with an investigation conducted by the appropriate local, state, or federal agency; (ii) filing or disclosing any facts necessary to receive Medicaid, or other public benefits for which she may be eligible; or (iii) speaking with law enforcement.

Notwithstanding the foregoing, to the extent permitted by applicable law, Claimant hereby acknowledges and agrees that she has waived any and all relief available (including without limitation, monetary damages, equitable relief and reinstatement) in connection with the Claim and/or causes of action waived herein, and therefore agrees, to the extent permitted by applicable law, that she will not accept any award or settlement from any source or proceeding (including but

**DRAFT**
**7/14/21**

not limited to any proceeding brought by any other person or by any government agency) with respect to the Claim or any right waived in the Settlement Agreement.

In the event Claimant is asked about the matter that led to this Agreement, Claimant shall respond only that, in sum and substance, the matter has been resolved to the mutual satisfaction of the Parties.

**This Confidentiality Agreement is specifically requested and agreed upon by Claimant and Claimant represents that she has agreed to these provisions voluntarily and of her own free will.**

                                **SHANELL MARTINEZ**

Date :                                                                              _____

**189 CHRYSTIE STREET PARTNERS, LP**

Date :                              _____

By : _____

Title :_____

**VARIETY WORLDWIDE LLC**

Date :                              _____

By : _____

Title : _____

**DRAFT**
**7/14/21**

**SIMON HAMMERSTEIN**

Date :
_____


Title : _____

**JAVIER VIVAS**

Date :
_____


Title : _____

11