UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
 SHANELL MARTINEZ,

                                    Plaintiff,

                -against-

189 CHRYSTIE STREET PARTNERS, LP,
d/b/a THE BOX, VARIETY WORLDWIDE, LLC,
SIMON HAMMERSTEIN, JAVIER VIVAS,
GIZA SELIMI, and NENAD KARAC,

                            Defendants.
------------------------------------------------------------X

Case No. 22-cv-3111

**ANSWER OF DEFENDANT JAVIER
VIVAS**

        Defendant Javier Vivas ("Vivas"), by his attorneys, Lewis Brisbois Bisgaard & Smith LLP,

as and for his Answer to the Third Amended Complaint herein, states as follows:

                            **PRELIMINARY STATEMENT[1]**

        1.      Denies the allegations contained in paragraph 1, except denies having knowledge

or information sufficient to form a belief as to the allegations regarding Plaintiff's purported

personal circumstances and feelings.

        2.      Denies the allegations contained in paragraph 2, except admits that Plaintiff

purports to proceed as set forth therein.

        3.      Denies the allegations contained in paragraph 3, denies having knowledge or

information sufficient to form a belief as to the allegations regarding what Plaintiff identifies as

and her current place of residence, and admits that Plaintiff was a former employee of Defendant

189 Chrystie Street Partners LP d/b/a The Box ("189 Chrystie Street").

---

[1] For ease of reference, Defendant Vivas's Answer duplicates the headings contained in the Third Amended
Complaint. Although Defendant Vivas believes that no response is required to such headings, to the extent a response
is deemed required and to the extent those headings and titles can be construed to contain factual allegations, those
allegations are denied.

133263553.1

4.      Denies the allegations contained in paragraph 4, admits that 189 Chrystie Street is a limited partnership that is authorized to do business in the State of New York, that it is located at 189 Chrystie Street, New York, New York 10002, that it employed Plaintiff, and refers all questions of law to the Court.

5.      Denies the allegations contained in paragraph 5, admits that The Box is authorized to do business in New York, that it is located at 189 Chrystie Street, New York, New York 10002, that it employed Plaintiff, and refers all questions of law to the Court.

6.      Denies the allegations contained in paragraph 6, except admits that Defendant Variety Worldwide LLC ("Variety Worldwide") is a Delaware limited liability company and is authorized to do business in New York, and refers all questions of law to the Court.

7.      Denies the allegations contained in paragraph 7, except admits that 189 Chrystie Street employed Plaintiff.

8.      Denies the allegations contained in paragraph 8, except admits that Defendant Vivas is the Chief Operating Officer at The Box and that Defendant Vivas and Plaintiff are/were employed by 189 Chrystie Street, which is located at 189 Chrystie Street, New York, New York 10002.

9.      Denies the allegations contained in paragraph 9, except admits that Defendant Giza Selimi ("Selimi") was and is employed at The Box, that The Box is located at 189 Chrystie Street, New York, New York 10002, and that 189 Chrystie Street employed Plaintiff.

10.      Denies the allegations contained in paragraph 10, except admits that Defendant Nenad Karac ("Karac") and Plaintiff were employed by 189 Chrystie Street, and that The Box is located at 189 Chrystie Street, New York, New York 10002.

11.     Admits that Plaintiff purports to collectively refer to Defendants Hammerstein, Vivas, Selimi, and Karac as "Defendants" but denies any liability against them.

12.     Denies the allegations contained in paragraph 12 and refers all questions of law to the Court.

13.     Denies the allegations contained in paragraph 13 and refers all questions of law to the Court.

14.     Denies the allegations contained in paragraph 14 and refers all questions of law to the Court.

15.     Denies the allegations contained in paragraph 15 and refers all questions of law to the Court.

16.     Denies the allegations contained in paragraph 16 and refers all questions of law to the Court.

**JURISDICTION, VENUE, AND PROCEDURAL REQUIREMENTS**

17.     Denies the allegations contained in paragraph 17, except admits that Plaintiff purports to proceed as set forth therein.

18.     Denies the allegations contained in paragraph 18, except admits that Plaintiff invokes the Court's jurisdiction.

19.     Denies the allegations contained in paragraph 19, except admits that Plaintiff invokes the Court's venue.

**INTRODUCTION**

20.     Denies the allegations contained in paragraph 20.

21.     Denies the allegations contained in paragraph 21, except admits that Defendant Vivas is the Chief Operating Officer at The Box.

133263553.1

22.     Denies the allegations contained in paragraph 22.

23.     Denies the allegations contained in paragraph 23.

24.     Denies the allegations contained in paragraph 24, except admits that Plaintiff was hired to work at The Box as a server in 2017 and denies having knowledge or information sufficient to form a belief as to the allegations pertaining to Plaintiff's age.

25.     Denies the allegations contained in paragraph 25.

26.     Denies the allegations contained in paragraph 26.

27.     Denies the allegations contained in paragraph 27.

28.     Denies the allegations contained in paragraph 28.

29.     Denies the allegations contained in paragraph 29.

30.     Denies the allegations contained in paragraph 30, except denies having knowledge or information sufficient to form a belief as to Plaintiff's purported personal circumstances.

## FACTUAL BACKGROUND

31.     Denies having knowledge or information sufficient to form a belief as to the allegations in paragraph 31, except denies that Defendant Selimi was a manager at The Box.

32.     Denies the allegations contained in paragraph 32.

33.     Denies the allegations contained in paragraph 33.[2]

34.     Denies the allegations contained in paragraph 34 and refers all questions of law to the Court.

35.      Denies the allegations contained in paragraph 35.

---

[2] There appears to be a formatting error in paragraphs 32 and 33 of Plaintiff's Third Amended Complaint. To minimize confusion as to the numbering of the paragraphs, Defendant Vivas will follow Plaintiff's numbering.

133263553.1

36.     Denies  the allegations contained in paragraph 36, except admits that The Box is referred to as a nightclub or a cabaret.

37.     Denies the allegations contained in paragraph 37, except denies having knowledge or information sufficient to form a belief as to the allegations pertaining to Plaintiff's work history and her purported personal circumstances.

38.     Denies the allegations contained in paragraph 38.

39.     Denies the allegations contained in paragraph 39, except denies having knowledge or information sufficient to form a belief as to the allegations pertaining to Plaintiff's purported conversation with "Jane Doe".

40.     Denies the allegations contained in paragraph 40.

41.     Denies the allegations contained in paragraph 41.

42.     Denies the allegations contained in paragraph 42.

43.     Denies the allegations contained in paragraph 43.

44.     Denies the allegations contained in paragraph 44.

45.     Denies the allegations contained in paragraph 45.

46.     Denies the allegations contained in paragraph 46.

47.     Denies the allegations contained in paragraph 47, except admits that Plaintiff was paid properly for all hours worked.

48.     Denies the allegations contained in paragraph 48.

49.     Denies the allegations contained in paragraph 49.

50.     Denies the allegations contained in paragraph 50.

51.     Denies the allegations contained in paragraph 51.

133263553.1

52.     Denies the allegations contained in paragraph 52, except denies having knowledge or information sufficient to form a belief as to the allegations pertaining to Plaintiff's purported personal circumstances.

53.     Denies the allegations contained in paragraph 53.

54.     Denies the allegations contained in paragraph 54.

55.     Denies the allegations contained in paragraph 55.

56.     Denies the allegations contained in paragraph 56.

57.     Denies the allegations contained in paragraph 57.

58.     Denies the allegations contained in paragraph 58.

59.     Denies the allegations contained in paragraph 59.

60.     Denies the allegations contained in paragraph 60.

61.     Denies the allegations contained in paragraph 61.

62.     Denies the allegations contained in paragraph 62 and refers all questions of law to the Court.

63.     Denies the allegations contained in paragraph 63.

64.     Deny the allegations contained in paragraph 64, except admits that she was paid properly for all hours worked.

65.     Denies the allegations contained in paragraph 65 and refers all questions of law to the Court.

66.     Denies the allegations contained in paragraph 66 and refers all questions of law to the Court.

67.     Denies the allegations contained in paragraph 67 and refers all questions of law to the Court.

6

68.     Denies the allegations contained in paragraph 68.

69.     Denies the allegations contained in paragraph 69.

70.     Denies the allegations contained in paragraph 70.

71.     Denies the allegations contained in paragraph 71.

72.     Denies the allegations contained in paragraph 72.

73.     Denies the allegations contained in paragraph 73.

74.     Denies the allegations contained in paragraph 74.

75.     Denies the allegations contained in paragraph 75.

76.     Denies the allegations contained in paragraph 76 and refers to the cited written schedule for the contents thereof.

77.     Denies the allegations contained in paragraph 77 and refers to the cited written schedule for the contents thereof.

78.     Denies the allegations contained in paragraph 78.

79.     Denies the allegations contained in paragraph 79.

80.     Denies the allegations contained in paragraph 80.

81.     Denies the allegations contained in paragraph 81.

82.     Denies the allegations contained in paragraph 82.

83.     Denies the allegations contained in paragraph 83.

84.     Denies the allegations contained in paragraph 84.

85.     Denies the allegations contained in paragraph 85.

86.     Denies the allegations contained in paragraph 86.

87.     Denies the allegations contained in paragraph 87.

88.     Denies the allegations contained in paragraph 88.

133263553.1

89.     Denies the allegations contained in paragraph 89.

90.     Denies the allegations contained in paragraph 90.

91.     Denies the allegations contained in paragraph 91.

92.     Denies the allegations contained in paragraph 92.

93.     Denies the allegations contained in paragraph 93.

94.     Denies the allegations contained in paragraph 94.

95.     Denies the allegations contained in paragraph 95.

96.     Denies the allegations contained in paragraph 96.

97.     Denies the allegations contained in paragraph 97.

98.     Denies the allegations contained in paragraph 98.

99.     Denies the allegations contained in paragraph 99.

100.    Denies the allegations contained in paragraph 100.

101.    Denies the allegations contained in paragraph 101.

102.    Denies the allegations contained in paragraph 102.

103.    Denies the allegations contained in paragraph 103.

104.    Denies the allegations contained in paragraph 104.

105.    Denies the allegations contained in paragraph 105.

106.    Denies the allegations contained in paragraph 106, except denies having knowledge
or information sufficient to form a belief as to the allegations pertaining to what Plaintiff identifies
as.

107.    Denies the allegations contained in paragraph 107.

108.    Denies the allegations contained in paragraph 108.

109.    Denies the allegations contained in paragraph 109.

133263553.1

110.     Denies the allegations contained in paragraph 110.

111.     Denies the allegations contained in paragraph 111.

112.     Denies the allegations contained in paragraph 112.

113.     Denies the allegations contained in paragraph 113.

114.     Denies the allegations contained in paragraph 114.

115.     Denies the allegations contained in paragraph 115.

116.     Denies the allegations contained in paragraph 116.

117.     Denies the allegations contained in paragraph 117.

118.     Denies the allegations contained in paragraph 118.

119.     Denies the allegations contained in paragraph 119.

120.     Denies having knowledge or information sufficient to form a belief as to the allegations in paragraph 120.

121.     Denies the allegations contained in paragraph 121.

122.     Denies the allegations contained in paragraph 122.

123.     Denies the allegations contained in paragraph 123.

124.     Denies the allegations contained in paragraph 124.

125.     Denies the allegations contained in paragraph 125.

126.     Denies having knowledge or information sufficient to form a belief as to the allegations in paragraph 126.

127.     Denies the allegations contained in paragraph 127.

128.     Paragraph 128 states a conclusion of law to which no response is required. To the extent paragraph 128 alleges liability on the part of Defendant Vivas, that is denied.

133263553.1

129.     Paragraph 129 states a conclusion of law to which no response is required. To the extent paragraph 129 alleges liability on the part of Defendant Vivas, that is denied.

130.     Denies the allegations in paragraph 130.

131.     Denies the allegations in paragraph 131.

132.     Denies the allegations in paragraph 132 and refers all questions of law to the Court.

133.     Denies the allegations in paragraph 133.

134.     Denies the allegations in paragraph 134.

135.     Denies the allegations in paragraph 135.

136.     Denies the allegations in paragraph 136.

137.     Denies the allegations in paragraph 137.

138.     Denies the allegations in paragraph 138.

139.     Denies the allegations in paragraph 139.

140.     Denies the allegations in paragraph 140.

141.     Denies the allegations in paragraph 141, except denies having knowledge or information sufficient to form a belief as to the allegations pertaining to Plaintiff's purported treatment.

142.     Denies the allegations in paragraph 142.

143.     Denies the allegations in paragraph 143.

144.     Denies the allegations in paragraph 144.

145.     Denies the allegations in paragraph 145.

146.     Denies the allegations in paragraph 146.

147.     Denies the allegations in paragraph 147.

148.     Denies the allegations in paragraph 148.

133263553.1

149.    Denies the allegations in paragraph 149.

150.    Denies the allegations in paragraph 150.

151.    Denies the allegations in paragraph 151.

152.    Denies the allegations in paragraph 152.

153.    Denies the allegations in paragraph 153.

154.    Denies the allegations in paragraph 154, except denies having knowledge or information sufficient to form a belief as to Plaintiff's purported personal circumstances.

155.    Denies the allegations in paragraph 155.

156.    Denies the allegations in paragraph 156.

157.    Denies the allegations in paragraph 157.

158.    Denies the allegations in paragraph 158.

159.    Denies the allegations in paragraph 159.

160.    Denies the allegations in paragraph 160.

161.    Denies the allegations in paragraph 161.

162.    Denies the allegations in paragraph 162.

163.    Denies the allegations in paragraph 163.

164.    Denies the allegations in paragraph 164, except denies having knowledge or information sufficient to form a belief as to the allegations pertaining to Plaintiff's dog.

165.    Denies the allegations in paragraph 165.

166.    Denies the allegations in paragraph 166.

167.    Denies the allegations in paragraph 167, except denies having knowledge or information sufficient to form a belief as to the allegations pertaining to Plaintiff's purported conversation with the subject colleague.

133263553.1

168.    Denies the allegations in paragraph 168, except denies having knowledge or information sufficient to form a belief as to the allegations pertaining to Plaintiff's purported conversation with Jane Doe Two.

169.    Denies the allegations in paragraph 169, except denies having knowledge or information sufficient to form a belief as to the allegations pertaining to Plaintiff's thought process.

170.    Denies the allegations in paragraph 170, except admits that Plaintiff lodged a complaint against Defendant Karac.

171.    Denies the allegations in paragraph 171.

172.    Denies the allegations in paragraph 172, except admits that Plaintiff's complaint against Defendant Karac was investigated.

173.    Denies the allegations in paragraph 173.

174.    Denies the allegations in paragraph 174, except denies having knowledge or information sufficient to form a belief as to the allegations pertaining to Plaintiff's purported conversation with Jane Doe Two and Jane Doe Three.

175.    Denies the allegations in paragraph 175, except admits that Plaintiff was informed of the outcome of the investigation into her complaint against Defendant Karac.

176.    Denies having knowledge or information sufficient to form a belief as to the allegations in paragraph 176, except admits that Defendant Karac was suspended pending investigation.

177.    Denies the allegations in paragraph 177.

178.    Denies the allegations in paragraph 178, except denies having knowledge or information sufficient to form a belief as to the allegations pertaining to Plaintiff's purported conversation with the subject individuals.

12

179.     Denies the allegations in paragraph 179.

180.     Denies the allegations in paragraph 180.

181.     Denies the allegations in paragraph 181.

182.     Denies the allegations in paragraph 182.

183.     Denies the allegations in paragraph 183, except admits that employees of Defendant 189 Chrystie Street were furloughed as a result of the Covid-19 pandemic and refers to the referenced Executive Order for the contents thereof.

184.     Denies the allegations in paragraph 184, except admits that The Box has re-opened.

185.     Denies the allegations in paragraph 185.

186.     Denies the allegations contained in paragraph 186 and refers all questions of law to the Court.

187.     Denies the allegations contained in paragraph 187.

188.     Deny the allegations contained in paragraph 188, except admits that she was paid properly for all hours worked.

189.     Denies the allegations contained in paragraph 189 and refers all questions of law to the Court.

190.     Denies the allegations contained in paragraph 190 and refers all questions of law to the Court.

191.     Denies the allegations contained in paragraph 191 and refers all questions of law to the Court.

192.     Denies the allegations contained in paragraph 192 and refers all questions of law to the Court.

133263553.1

193.     Denies the allegations contained in paragraph 193 and refers all questions of law to the Court.

194.     Denies the allegations contained in paragraph 194 and refers all questions of law to the Court.

195.     Admits that in paragraph 195, Plaintiff demands a jury trial, but denies that Plaintiff is entitled to a trial by jury.

## THE FIRST CAUSE OF ACTION
*(Gender and Race Discrimination and Sexual Harassment in Violation of the New York State Human Rights Law and the New York City Human Rights Law against All Defendants)*

196.     Repeats and incorporates by reference each and every statement contained in the preceding paragraphs, as if fully set forth herein.

197.     Denies the allegations contained in paragraph 197.

198.     Denies the allegations contained in paragraph 198.

199.     Denies the allegations contained in paragraph 199.

200.     Denies the allegations contained in paragraph 200.

## THE SECOND CAUSE OF ACTION
*(Retaliation in Violation of the New York State Human Rights Law and the New York City Human Rights Law against All Defendants)*

201.     Repeats and incorporates by reference each and every statement contained in the preceding paragraphs, as if fully set forth herein.

202.     Denies the allegations contained in paragraph 202.

203.     Denies the allegations contained in paragraph 203.

204.     Denies the allegations contained in paragraph 204.

205.     Denies the allegations contained in paragraph 205.

206.     Denies the allegations contained in paragraph 206.

133263553.1

## THE THIRD CAUSE OF ACTION

*(Violation of the Trafficking Victims Protection Act, 18 U.S.C. § 1591, against Defendant Hammerstein, Defendant Vivas, Defendant Selimi, and Defendant Karac)*

207.   Repeats and incorporates by reference each and every statement contained in the preceding paragraphs, as if fully set forth herein.

208.   Denies the allegations contained in paragraph 208.

209.   Denies the allegations contained in paragraph 209.

210.   Denies the allegations contained in paragraph 210.

211.   Denies the allegations contained in paragraph 211.

212.   Denies the allegations contained in paragraph 212.

213.   Denies the allegations contained in paragraph 213.

214.   Denies the allegations contained in paragraph 214.

215.   Denies the allegations contained in paragraph 215.

216.   Denies the allegations contained in paragraph 216.

217.   Denies the allegations contained in paragraph 217.

218.   Denies the allegations contained in paragraph 218.

## THE FOURTH CAUSE OF ACTION

*(Violation of the Trafficking Victims Protection Act, 18 U.S.C. § 1591, against Defendant 189 Chrystie Street Partners, LP, Defendant The Box and Defendant Variety Worldwide)*

219.   Repeats and incorporates by reference each and every statement contained in the preceding paragraphs, as if fully set forth herein.

220.   No response is required to the allegations contained in paragraph 220 as this count is not asserted against Defendant Vivas.

221.   No response is required to the allegations contained in paragraph 221 as this count is not asserted against Defendant Vivas.

133263553.1

222.     No response is required to the allegations contained in paragraph 222 as this count is not asserted against Defendant Vivas.

223.     No response is required to the allegations contained in paragraph 223 as this count is not asserted against Defendant Vivas.

224.     No response is required to the allegations contained in paragraph 224 as this count is not asserted against Defendant Vivas.

225.     Denies the allegations contained in paragraph 225.

**THE FIFTH CAUSE OF ACTION**

*(Aiding and Abetting, in Violation of the Trafficking Victims Protection Act, 18 U.S.C. § 1591, against Defendant 189 Chrystie Street Partners, LP, Defendant The Box and Defendant Variety Worldwide)*

226.     Repeats and incorporates by reference each and every statement contained in the preceding paragraphs, as if fully set forth herein.

227.     No response is required to the allegations contained in paragraph 227 as this count is not asserted against Defendant Vivas.

228.     No response is required to the allegations contained in paragraph 228 as this count is not asserted against Defendant Vivas.

229.     No response is required to the allegations contained in paragraph 229 as this count is not asserted against Defendant Vivas.

230.     No response is required to the allegations contained in paragraph 230 as this count is not asserted against Defendant Vivas.

231.     No response is required to the allegations contained in paragraph 231 as this count is not asserted against Defendant Vivas.

232.     No response is required to the allegations contained in paragraph 232 as this count is not asserted against Defendant Vivas.

133263553.1

## THE SIXTH CAUSE OF ACTION

*(Unpaid Wages and Minimum Wage Compensation under the Fair Labor Standards Act Against All Defendants)*

233.    Repeats and incorporates by reference each and every statement contained in the preceding paragraphs, as if fully set forth herein.

234.    Paragraph 234 states a conclusion of law to which no response is required. To the extent paragraph 234 alleges liability on the part of Defendant Vivas, that is denied.

235.    Denies the allegations contained in paragraph 235 and refers all questions of law to the Court.

236.    Denies the allegations contained in paragraph 236 and refers all questions of law to the Court.

237.    Denies the allegations contained in paragraph 237.

238.    Denies the allegations contained in paragraph 238.

239.    Denies the allegations contained in paragraph 239.

240.    Denies the allegations contained in paragraph 240.

241.    Denies the allegations contained in paragraph 241.

242.    Denies the allegations contained in paragraph 242.

243.    Denies the allegations contained in paragraph 243.

## THE SEVENTH CAUSE OF ACTION

*(Unpaid Wages and Minimum Wage Compensation under the New York Labor Law Against All Defendants)*

244.    Repeats and incorporates by reference each and every statement contained in the preceding paragraphs, as if fully set forth herein.

245.    Repeats and incorporates by reference each and every statement contained in the preceding paragraphs, as if fully set forth herein.

133263553.1

246.    Denies the allegations contained in paragraph 246 and refers all questions of law to the Court.

247.    Denies the allegations contained in paragraph 247 and refers all questions of law to the Court.

248.    Denies the allegations contained in paragraph 248.

249.    Denies the allegations contained in paragraph 249.

250.    Denies the allegations contained in paragraph 250.

## THE EIGHTH CAUSE OF ACTION
*(Illegal Pay Deductions and Deductions from Gratuities Against All Defendants)*

251.    Repeats and incorporates by reference each and every statement contained in the preceding paragraphs, as if fully set forth herein.

252.    Denies the allegations contained in paragraph 252.

253.    Denies the allegations contained in paragraph 253.

## THE NINTH CAUSE OF ACTION
*(Breach of Contract: Illegal Withholding of Commissions Against All Defendants)*

254.    Repeats and incorporates by reference each and every statement contained in the preceding paragraphs, as if fully set forth herein.

255.    Denies the allegations contained in paragraph 255.

256.    Denies the allegations contained in paragraph 256.

257.    Denies the allegations contained in paragraph 257.

258.    Repeats and incorporates by reference each and every statement contained in the preceding paragraphs, as if fully set forth herein.

259.    Denies the allegations contained in paragraph 259.

260.    Denies the allegations contained in paragraph 260.

133263553.1

261.     Denies the allegations contained in paragraph 261.

262.     Denies the allegations contained in paragraph 262.

263.     Denies the allegations contained in paragraph 263.

### THE TENTH CAUSE OF ACTION
*(Fraud and Unjust Enrichment: Illegal Withholding of Commissions Against All Defendants)*

264.     Repeats and incorporates by reference each and every statement contained in the
preceding paragraphs, as if fully set forth herein.

265.     Denies the allegations contained in paragraph 265.

266.     Denies the allegations contained in paragraph 266.

267.     Denies the allegations contained in paragraph 267.

268.     Denies the allegations contained in paragraph 268.

### THE ELEVENTH CAUSE OF ACTION
*(Violations of Labor Law § 191 et. seq. due to Withholding of Commissions)*

269.     Repeats and incorporates by reference each and every statement contained in the
preceding paragraphs, as if fully set forth herein.

270.     Denies the allegations contained in paragraph 270.

271.     Denies the allegations contained in paragraph 271.

272.     Denies the allegations contained in paragraph 272.

273.     Denies the allegations contained in paragraph 273.

### THE TWELFTH CAUSE OF ACTION
*(Retaliatory Discharge in Violation of New York Labor Law Section 215)*

274.     Repeats and incorporates by reference each and every statement contained in the
preceding paragraphs, as if fully set forth herein.

275.     Paragraph 275 states a conclusion of law to which no response is required. To the
extent paragraph 275 alleges liability on the part of Defendant Vivas, that is denied.

133263553.1

276.     Denies the allegations contained in paragraph 276.

277.     Denies the allegations contained in paragraph 277.

## THE THIRTEENTH CAUSE OF ACTION
*(Fraudulent Inducement)*

278.     Repeats and incorporates by reference each and every statement contained in the preceding paragraphs, as if fully set forth herein.

279.     Denies the allegations contained in paragraph 279.

280.     Denies the allegations contained in paragraph 280.

281.     Denies the allegations contained in paragraph 281.

282.     Denies the allegations contained in paragraph 282.

283.     Denies the allegations contained in paragraph 283.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims stated are barred or limited, in whole or in part, by the applicable statute of limitations and/or governing administrative time limitations.

## THIRD AFFIRMATIVE DEFENSE

The claims stated are barred or limited, in whole or in part, by the doctrines of unclean hands, laches, accord, satisfaction, discharge, release, estoppel and/or waiver.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages attributable to actionable conduct by Defendants.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff lacks any statutory or other basis to recover compensatory damages or any other damages, injunctive relief, attorneys' fees and/or costs of suit in this action.

133263553.1

<u>**SIXTH AFFIRMATIVE DEFENSE**</u>

The claims stated are barred or limited, in whole or in part, by Plaintiff's failure to mitigate alleged damages.

<u>**SEVENTH AFFIRMATIVE DEFENSE**</u>

The requests for damages stated in the Complaint are barred or limited, in whole or in part, by Defendants' good faith efforts to comply with all applicable laws, rules and regulations.

<u>**EIGHTH AFFIRMATIVE DEFENSE**</u>

No actions or omissions of Defendants were the proximate cause of any alleged injury, loss, or damage to Plaintiff and, thus, the Third Amended Complaint and all claims stated therein should be dismissed because there is no causal connection between the asserted claims and any damages Plaintiff has allegedly suffered.

<u>**NINTH AFFIRMATIVE DEFENSE**</u>

Plaintiff's  alleged damages, if any, were caused, in whole or in part, by her own acts or omissions, and as a result her claims are barred or limited by the doctrines of comparative or contributory negligence and/or the doctrine of avoidable consequences.

<u>**TENTH AFFIRMATIVE DEFENSE**</u>

Plaintiff's claims are barred by the doctrine of *in pari delicto*.

<u>**ELEVENTH AFFIRMATIVE DEFENSE**</u>

Plaintiff's  claims are or may be barred, in whole or in part, due to the exercise of reasonable care to prevent and promptly correct any instances of alleged discrimination, harassment, and/or retaliation.

<u>**TWELFTH AFFIRMATIVE DEFENSE**</u>

133263553.1

Awarding punitive damages against Defendants would violate the United States and New York Constitutions.

### THIRTEENTH AFFIRMATIVE DEFENSE

At all times relevant to this action, Defendants had policies and procedures in effect for the prevention and correction of illegal workplace discrimination, harassment, and retaliation, and Defendants exercised reasonable care to prevent and correct promptly any such harassing behavior, while Plaintiff unreasonably failed to report alleged harassment, discrimination, retaliation and/or unreasonably failed to take advantage of Defendants' procedures for preventing and/or correcting discrimination, harassment, and retaliation.

### FOURTEENTH AFFIRMATIVE DEFENSE

.    Plaintiff's claims are barred to the extent she failed to exhaust administrative remedies with respect to some or all of her claims and allegations and to obtain administrative authorization to file such claims in this Court.

### FIFTEENTH AFFIRMATIVE DEFENSE

Any damages allegedly suffered by Plaintiff were caused in whole or in part, or were exacerbated by, Plaintiff's own negligence, fraudulent, improper, unlawful and/or culpable conduct or omissions, or that of third parties, and, accordingly, Plaintiff's claims are therefore barred or diminished in the proportion that such conduct or omissions bears to the total culpable conduct causing the alleged damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of ratification, confirmation, and acquiescence.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants acted reasonably and in proper and lawful exercise of discretion and business judgment and without intent to violate Plaintiff's rights, and Defendants' actions were not discriminatory harassing, retaliatory, or otherwise actionable.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not satisfied all of the conditions precedent and procedural prerequisites to maintaining this action.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants exercised reasonable care to prevent and promptly correct any discriminatory, harassing, or retaliatory behavior, and Plaintiff unreasonably failed to take timely advantage of the preventive or corrective opportunities to avoid the harm complained of.

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent Plaintiff alleges any impermissible motivation in Defendants' treatment of them, Defendants would have taken the same action in the absence of such impermissible motivating factor.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages because Defendants did not engage in any discriminatory, harassing, retaliatory, or otherwise wrongful conduct with malice, recklessness, willful or wanton negligence, indifference to Plaintiff's rights or conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants did not encourage, condone, approve or participate in any allegedly discriminatory, harassing or retaliatory conduct.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

133263553.1

Defendants' acts were undertaken in good faith without reckless disregard for Plaintiff's statutory rights, in compliance with and reliance on applicable laws, rules, regulations, rulings, approvals, interpretations, and orders, with reasonable grounds for believing that their actions were in compliance with the law.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages are barred in whole or in part by after-acquired evidence of misconduct.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

All actions taken against Plaintiff were based on legitimate non-discriminatory or nonretaliatory reasons unrelated to any protected characteristic or protected activity of Plaintiff.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to equitable relief to the extent there is an adequate remedy at law.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff was compensated beyond her actual entitlement, such additional compensation would satisfy in whole or part of the claims herein.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not covered by the statutes and regulations pursuant to which her claims are brought.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are *de minimis*.

### THIRTIETH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which either pre-judgment or post-judgment interest, liquidated damages, or attorneys' fees may be awarded.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

133263553.1

Some or all of the compensation sought by Plaintiff is not based on any compensable working time under the applicable statutes and regulations.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff was paid properly under the applicable wage and hour laws.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because any acts or omission giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omission were not a violation of the FLSA or the NYLL or any other applicable federal, state or local laws, rules, regulations, statutes, ordinances or guidelines and, as such, Defendants asserts a lack of willfulness or intent to violate the FLSA or the NYLL and Plaintiff cannot recover any damages in this matter, including but not limited to liquidated damages.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to cumulative liquidated damages with respect to her FLSA and NYLL claims.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Defendants had no knowledge of, nor should they have had knowledge of, any alleged uncompensated work by Plaintiff, and Defendants did not authorize, require, request, suffer, or permit such activity by the Plaintiff .

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's federal claim fails, pendent or supplemental jurisdiction should not be exercised over any of Plaintiff's state claims.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

133263553.1

Individual coverage under the FLSA does not apply to Plaintiff or any of Defendants' employees.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants cannot be held liable for any of Plaintiff's claims alleged herein, as Defendants cannot be found to employ, or to have employed, Plaintiff upon an single employer and/or joint employer theory of liability as a matter of law.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

This action may be barred by Plaintiff's election of remedies.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiff cannot show that her employment ended under circumstances giving rise to an inference of discrimination, retaliation, harassment, or unlawful conduct.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Without admitting any of Plaintiff's allegations, even if Defendants failed to pay her for any of the pre or post-liminary activities alleged in the Complaint, such activities do not constitute compensable work under the FLSA or NYLL and furthermore, such activities were not an integral and indispensable part of Plaintiff's principal activities of purported employment and are not compensable.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent she has no standing or no private right of action exists to enforce one or more statutes and/or regulations cited by the Plaintiff.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Enterprise coverage under the FLSA does not apply.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

133263553.1

Any duty or performance of Defendants for any contract, obligation, or agreement alleged in the Third Amended Complaint is excused by reason of lack of agreement or contract itself, a failure of offer, consideration, waiver, breach of contract by Plaintiff, impossibility of performance, prevention by Plaintiff, frustration of purpose, and/or failure of acceptance by Plaintiff.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's unjust enrichment claim is barred, in whole or in part, because this claim duplicates Plaintiff's fraud and breach of contract claim.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is not a commission salesperson as defined under NYLL Section 191(1)(c).

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's fraudulent inducement claim fails as a matter of law because claims of fraudulent inducement based on future promises of continued employment in an at-will employment context are not cognizable under New York law.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims sounding in fraud fail as a matter of law as said claims do not meet the heightened pleading standard under Fed. R. Civ. P. 9(b).

**FORTY-NINTH AFFIRMATIVE DEFENSE**

Without representing or conceding that Plaintiff worked "on-call" hours, any time she allegedly spent waiting is non-compensable "waiting to be engaged" time.

**FIFTIETH AFFIRMATIVE DEFENSE**

133263553.1

Without representing or conceding that Plaintiff was not paid the minimum wage for her alleged hour worked, any commissions paid to Plaintiff satisfy the minimum wage requirements under the relevant wage and hour laws.

## FIFTY-FIRST DEFENSE

Plaintiff released all of her claims pursuant to the parties' binding settlement agreement pre-litigation.

## RESERVATION OF RIGHTS

Defendant Vivas reserves the right to amend this Answer and to assert such additional affirmative and/or separate defenses as are made known during discovery.

**WHEREFORE**, Defendant Vivas respectfully requests that the Court:

1.      Dismiss the Complaint in its entirety with prejudice;

2.      Award Defendant Vivas costs and expenses incurred in connection with defending this action, including reasonable attorneys' fees; and

3.      Grant such other and further relief as is just and proper.

Dated:  New York, New York
        December 15, 2023

LEWIS BRISBOIS BISGAARD & SMITH LLP


By:  /s/ Brian Pete
     Brian Pete, Esq.
     Joan B. Lopez, Esq.
     *Attorneys for Defendants*
     77 Water Street, Suite 2100
     New York, New York 10005
     (212) 232-1300
     Brian.Pete@lewisbrisbois.com
     Joan.Lopez@lewisbrisbois.com

133263553.1

## <u>CERTIFICATE OF SERVICE</u>

Joan B. Lopez, an attorney duly admitted to practice before this Court, certifies that on December 15, 2023, she caused to be filed via ECF the Answer of Javier Vivas to the Third Amended Complaint.

/s/ Joan B. Lopez_____
   Joan B. Lopez

133263553.1