USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/13/2024__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SHANELL MARTINEZ,

            Plaintiff,

   -v-

189 CHRYSTIE STREET PARTNERS, LP,
d/b/a THE BOX, *et al.*,

            Defendants.
----------------------------------------------------------X

**ORDER**

22-CV-3111 (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

WHEREAS, the parties have reported that they have reached a settlement in principle after mediation (Dkt. No. 108); and

WHEREAS, the parties have now consented to my jurisdiction over this case under 28 U.S.C. § 636(c) so that the settlement of plaintiff's Fair Labor Standards Act ("FLSA") claim may be reviewed by me (Dkt. No. 109);[1]

---

[1] In the third amended complaint (Dkt. No. 93), plaintiff alleges 13 causes of action, only one of which (the sixth cause of action) is brought pursuant to the FLSA. Presumably the non-FLSA claims will be resolved in a separate settlement agreement. While the Second Circuit "has not ruled directly on the permissibility of bifurcated settlements," *Pavone v. Diesel U.S.A., Inc.*, No. 21-CV-5219 (PAE), 2022 WL 1177344, at *2 (S.D.N.Y. Mar. 2, 2022) (citing *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 607 n.12 (2d Cir. 2020) ("We do not have such a bifurcated settlement before us and thus we do not decide whether the settlement of state law claims paired with FLSA claims requires judicial approval"),"[t]here is authority for a bifurcated settlement agreement, in which the parties submit their wage-and-hour agreement for court review and approval on the public record, but they enter into a separate and confidential settlement agreement with respect to the [non-wage-and-hour claims]." *Ortiz v. Breadroll, LLC*, No. 16-CV-7998 (JLC), 2017 WL 2079787, at *2 (S.D.N.Y. May 15, 2017*)* (citing *Yunda v. Safi-G, Inc.*, No. 15-CV-8861 (HBP), 2017

IT IS HEREBY ORDERED that the parties are directed to file a joint letter motion along with their fully executed settlement agreement as to plaintiff's FLSA claim **no later than April 8, 2024** to request court approval.  The letter motion should explain why the proposed FLSA settlement is fair and reasonable and otherwise complies with the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).  The parties are directed to this Court's rulings in *Martinez v. Avalanche Construction Group Inc.*, No. 20-CV-11065 (JLC), 2021 WL 5001415 (S.D.N.Y. Oct. 28, 2021) (unreasonable restrictions on use of social media to publicize settlement stricken); *Cruz v. Relay Delivery, Inc.*, 17-CV-7475 (JLC), 2018 WL 4203720 (S.D.N.Y. Sept. 4, 2018) (no reemployment provision impermissible and provision related to communication with media should not be overly restrictive); *Rivera v. Relay Delivery, Inc.,* 17-CV-5012 (JLC), 2018 WL

---

WL 1608898, at *2 (S.D.N.Y. Apr. 28, 2017) (approving submission of two settlement agreements, one resolving plaintiff's FLSA claims that required court approval under *Cheeks* and the other resolving plaintiff's claims under New York Labor Law that did not require approval under *Cheeks* and containing a confidentiality clause, among other provisions); *Abrar v. 7-Eleven, Inc.*, No. 14-CV-6315 (ADS) (AKT), 2016 WL 1465360, at *1 (E.D.N.Y. Apr. 14, 2016) (approving similar structure)); *but see Doe v. Solera Cap. LLC*, No. 18-CV-1769 (ER), 2021 WL 568806, at *1 (S.D.N.Y. Jan. 20, 2021) (stating that "where the parties enter into bifurcated settlement agreements . . . a court must take into account at least the existence of the non-FLSA settlement . . . [and] the parties may be required to submit both settlement agreements to the court").  I agree with the Court in *Pavone* that the separate settlement of plaintiff's discrimination and other non-FLSA claims does not require judicial review.  *See Pavone*, 2022 WL 1177344, at *2 ("There is no basis to infer that the use of a separate agreement for non-FLSA claims has been used here to end-run legal limitations on the settlement of FLSA claims.") (citing cases).

1989618 (S.D.N.Y. Apr. 26, 2018) (release that was broader and thus more favorable to defendants than plaintiff's narrower release was impermissible); *Howard v. Don Coleman Advertising, Inc.*, 16-CV-5060 (JLC), 2017 WL 773695 (S.D.N.Y. Feb. 28, 2017) (any mutual non-disparagement provision must include carve-out for truthfulness); and *Souza v. 65 St. Marks Bistro*, 15-CV-327 (JLC), 2015 WL 7271747 (S.D.N.Y. Nov. 6, 2015) (regarding impermissible confidentiality provisions and the proper scope of mutual general releases), for further guidance as to permissible and impermissible terms.

For recent FLSA settlements the Court has approved, the parties are directed to review *Laxa v. CIM Group LP,* No. 23-5333 (JLC), Order dated March 13, 2024 (Dkt. No. 37); *Chuchuca v. Fitzcon Construction G.C.*, No. 20-CV-2178 (JLC), 2023 WL 6541776 (S.D.N.Y. Sept. 15, 2023); and *Mauricio v. Tiramisu Restaurant LLC*, No. 22-CV-2500 (JLC), 2022 WL 6806518 (S.D.N.Y. Sept. 30, 2022).

All case management deadlines are hereby stayed pending further order of the Court.

**SO ORDERED.**

Dated: March 13, 2024
     New York, New York

_____
JAMES L. COTT
United States Magistrate Judge