UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SHANELL MARTINEZ,                               :
                                                :
           Plaintiff,                    :     **ORDER**
                                                :
   -v-                                         :     22-CV-3111 (JLC)
                                                :
189 CHRYSTIE STREET PARTNERS, LP,               :
d/b/a THE BOX, *et al.*,                        :
                                                :
           Defendants.                   :
-----------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

Following their report that they had reached a settlement following their participation in a mediation under the auspices of this Court's Mediation Program as well as a lengthy private mediation, the parties in this wage-and-hour and employment discrimination/harassment case have consented to my jurisdiction under 28 U.S.C. § 636(c) for purposes of reviewing the wage-and-hour component of their proposed settlement (Dkt. No. 109), and they have now submitted a joint letter in support of settlement along with their proposed settlement agreement ("Agreement") (Dkt. Nos. 115, 115-1) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).[1]  In this case, plaintiff Shanell

---

[1] While the Second Circuit "has not ruled directly on the permissibility of bifurcated settlements" such as this one, *Pavone v. Diesel U.S.A., Inc.*, No. 21-CV-5219 (PAE), 2022 WL 1177344, at *2 (S.D.N.Y. Mar. 2, 2022) (citing *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 607 n.12 (2d Cir. 2020) ("We do not have such a bifurcated settlement before us and thus we do not decide whether the settlement of state law claims paired with FLSA claims requires judicial approval"),"[t]here is authority for a bifurcated settlement agreement, in which the parties submit their wage-and-hour

Martinez alleged, *inter alia*, violations of the minimum wage and unpaid wages provisions of the Fair Labor Standards Act ("FLSA") and New York Labor Law.[2]

Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought, in part, under the FLSA, as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted).

---

agreement for court review and approval on the public record, but they enter into a separate and confidential settlement agreement with respect to the [non-wage-and-hour claims]." *Ortiz v. Breadroll, LLC*, No. 16-CV-7998 (JLC), 2017 WL 2079787, at *2 (S.D.N.Y. May 15, 2017*)* (citing *Yunda v. Safi-G, Inc.*, No. 15-CV-8861 (HBP), 2017 WL 1608898, at *2 (S.D.N.Y. Apr. 28, 2017) (approving submission of two settlement agreements, one resolving plaintiff's FLSA claims that required court approval under *Cheeks* and the other resolving plaintiff's claims under New York Labor Law that did not require approval under *Cheeks* and containing a confidentiality clause, among other provisions); *Abrar v. 7-Eleven, Inc.*, No. 14-CV-6315 (ADS) (AKT), 2016 WL 1465360, at *1 (E.D.N.Y. Apr. 14, 2016) (approving similar structure)); *but see Doe v. Solera Cap. LLC*, No. 18-CV-1769 (ER), 2021 WL 568806, at *1 (S.D.N.Y. Jan. 20, 2021) (stating that "where the parties enter into bifurcated settlement agreements . . . a court must take into account at least the existence of the non-FLSA settlement . . . [and] the parties may be required to submit both settlement agreements to the court"). I agree with the Court in *Pavone* that the separate settlement of plaintiffs' discrimination and other employment and harassment-related claims (which has not been submitted to the Court) does not require judicial review. *See* P*avone*, 2022 WL 1177344, at *2 ("There is no basis to infer that the use of a separate agreement for non-FLSA claims has been used here to end-run legal limitations on the settlement of FLSA claims.") (citing cases).

[2] In the third amended complaint (Dkt. No. 93), plaintiff alleges 13 causes of action, only one of which (the sixth cause of action) is brought pursuant to the FLSA and thus requires *Cheeks* approval.

Having carefully reviewed the joint letter in support of settlement dated April 26, 2024, as well as the proposed settlement agreement itself, the Court finds that all of the terms of the proposed settlement agreement (including the allocation of attorney's fees) appear to be fair and reasonable under the totality of the circumstances and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), a case considered to be a touchstone in evaluating wage-and-hour settlements.[3]  Among other things, the agreement appears to be "the product of arm's-length bargaining between experienced counsel." *Id.*  Accordingly, the settlement of Martinez's wage-and-hour claims is hereby approved.[4]

The Court hereby retains jurisdiction to resolve any disputes arising out of the Agreement.  *See* Agreement, ¶ 11 ("[I]t is understood and agreed that this Court

---

[3] Although there is not a proportionality requirement, attorney's fees in FLSA cases generally amount to a third of the settlement award, as is the case here.  *See, e.g., Manjarrez v. Bayard's Ale House LLC*, No. 21-CV-1968 (OTW), 2022 WL 17363952, at *2 (S.D.N.Y. Dec. 1, 2022) (citing *Fisher v. SD Protection, Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) (holding that the FLSA "simply provides for a reasonable attorney fee to be paid by the defendant").  *See also Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate").  Notably, some courts have chosen not to compare the contingency payment to the actual hours expended by counsel, and there is much force to that approach as well.  *See, e.g., Puerto v. Happy Life Home Health Agency Inc.*, No. 23-CV-4915 (GWG), 2023 WL 8258103, at *2 (S.D.N.Y. Nov. 29, 2023).  The Court's approval of the allocation of attorney's fees, however, should not be construed as an approval of the hourly rate of plaintiff's counsel.

[4] Approval of the settlement agreement should not be deemed an approval of any tax allocations to which the parties have agreed.

. . . will retain jurisdiction over the Action for the purpose of enforcing this Agreement or determining breach of the Agreement").

The Clerk is respectfully directed to close this case.

**SO ORDERED.**

Dated: April 29, 2024
      New York, New York

_____
JAMES L. COTT
United States Magistrate Judge